IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
THE ESTATE OF RONALD HOHOLEK,   )
deceased, by CHERYL HOHOLEK,    )
individually, and as Personal   )
Representative of the ESTATE    )
OF RONALD HOHOLEK,              )
                                )
    Plaintiffs,                 )
                                )
    vs.                         )   CAUSE NO. 2:14-CV-405
                                )
ABBVIE, INC., ABBOTT            )
LABRATORIES, INC., UNNAMED      )
HEALTHCARE PROVIDER PHYSICIAN   )
"A," UNNAMED HEALTHCARE         )
PROVIDER PHYSICIAN "B," and     )
UNNAMED HEALTHCARE PROVIDER     )
PHYSICIAN "C,"                  )
                                )
    Defendants.                 )
```

## OPINION AND ORDER

This matter is before the Court on: (1) the Motion to Stay All Proceedings, filed by AbbVie, Inc. and Abbott Labratories, Inc. (collectively "Defendants"), on November 7, 2014 (DE #6); (2) the Motion to Withdraw Appearances, filed by Andrea Roberts Pierson, Victoria R. Calhoon, and the law firm of Faegre Baker Daniels LLP on December 9, 2014 (DE #20); and (3) the Motion for Extension of Time to Respond to Complaint, filed by Defendants on December 11, 2014. (DE #21.) For the reasons set forth below, the Motion to Stay (DE #6) is **GRANTED**, the Motion to Withdraw Appearances (DE #20) is **GRANTED**, and the Motion for Extension of Time (DE #21) is

**GRANTED** *nunc pro tunc*. Defendants' answers shall be due twenty (20) days after the stay is lifted, or, should the case be transferred to *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, MDL No. 2545, as scheduled by the MDL court.

BACKGROUND

Defendants filed a Notice of Removal on November 6, 2014, premised on diversity jurisdiction. (DE #1.) In it, they assert that the Estate of Ronald Hoholek and Cheryl Hoholek (collectively "Plaintiffs") are citizens of Indiana, Defendants are citizens of Illinois and Deleware, and that the unnamed physicians' citizenship is irrelevant for removal purposes pursuant to 28 U.S.C. section 1441(b)(1). The subsequently filed Motion to Stay All Proceedings points out that transfer to *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, MDL No. 2545 (the "MDL") is likely and that the stay will promote judicial economy by allowing the MDL judge to handle common and overlapping issues. (DE #6, p. 1.) Defendants state that this case, like the 476 other cases currently pending in the MDL, "focuses on the alleged increased risks [of using testosterone replacement therapy] and failed to disclose them to the medical community and consumers." (*Id.* at 3.) Defendants argue that a stay would conserve judicial resources and promote judicial economy because of the likely transfer, that Defendants would be prejudiced by having to reargue the same issues in

2

numerous courts and would be denied the benefit of the "highly organized process already underway in the MDL proceeding" if the stay is denied, and that the prejudice to Plaintiffs would be minimal if the stay is granted because they have expended limited resources to date and because discovery has not yet begun. (*Id*. at 5-7.) A conditional transfer order ("CTO") was filed on November 10, 2014, conditionally transferring this action to the MDL. (See DE #7-1.)

On November 13, 2014, Plaintiffs filed an Objection and Response in Opposition to Defendants' Notice of Removal. (DE #8.) Plaintiffs argue that because the unnamed physician defendants' names are both easily and readily available to Defendants, they should not be deemed "fictitious" for diversity purposes. (DE #8, pp. 2-3.) Plaintiffs have also filed a Notice of Opposition to Conditional Transfer Order in the MDL itself. (DE #11-1.) On November 14, 2014, Plaintiffs filed an Objection and Response in Opposition to Defendants' Motion to Stay Proceedings stating that Defendants' motion is premature because it is "solely predicated upon [Defendants'] optimistic 'likely' transfer to the MDL," that the transfer is merely conditional at this point, that Defendants' assertion of diversity jurisdiction is being challenged, and that the case is inappropriate for inclusion in the MDL because of the addition of the unnamed healthcare provider physicians. (DE #13, pp. 1-2.)

On November 18, 2014, Defendants filed a Reply in Support of Defendants' Motion to Stay All Proceedings. (DE #14.) In it, they argue that a stay would not be premature or inappropriate because courts routinely grant motions to stay even when a plaintiff objects to the CTO and/or removal. (DE #14, p. 1.)

On December 9, 2014, Andrea Roberts Pierson, Victoria R. Calhoon, and the law firm of Faegre Baker Daniels LLP filed a Motion to Withdraw Appearances as counsel for Abbott Labratories, Inc. because Alice M. Morical and Allyson E. Emley of the law firm Hoover Hull LLP have filed a Notice of Appearance on behalf of Abbott Labratories. (DE's #19 & #20.)

Finally, on December 11, 2014, Defendants filed a Motion for Extension of Time to Respond to Complaint. (DE #21.) In it, they state that the United States Judicial Panel on Multidistrict Litigation (the "JPML") is expected to issue a ruling regarding the MDL transfer at any time, that Defendants' answers were due the day the Motion for Extension was filed, and that Plaintiffs do not object to an extension. (*Id*. at 2.)

ANALYSIS

A CTO is not effective until it is filed with the clerk of the transferee district court. *Ill. Mun. Retirement Fund v. Citigroup, Inc.*, 391 F.3d 844, 850 (7th Cir. 2004) (citing JPML Rule 7.4(e)). Until that time, pretrial proceedings and orders by the initial

district court are not limited or curtailed. (*Id.*) (citing JPML Rule 1.5). The Seventh Circuit has indicated that an initial district court may, but is not required to, rule on issues affecting its own jurisdiction while a transfer decision from the JPML is pending. (*Id.* at 852.) The decision to grant or deny a stay rests within the court's sound discretion. See *Brooks v. Merck & Co.*, 443 F.Supp.2d 994, 997 (S.D. Ill. 2006). Under the framework set forth in *Meyers v. Bayer AG*, 143 F.Supp.2d 1044 (E.D. Wis. 2001), when determining whether to defer ruling on a motion to remand while a transfer issue is pending before the JPML, a district court's "first step should be to make a preliminary assessment of the jurisdictional issue." *Id.* at 1048. If the preliminary assessment suggests that removal was improper, then the court may consider the motion to remand. *Id.* at 1048–49.

Here, this Court's initial assessment of Plaintiffs' Objection to Defendants' Notice of Removal is that removal was proper in this case. See 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Thornburg v. Stryker Corp.*, No. 1:05-CV-1378RLY-TAB, 2006 WL 211952, *1-2 (S.D. Ind. Jan. 27, 2006) (discussing removal statute in conjunction with the Indiana Medical Malpractice Act and holding that removal was proper because the unnamed doctor and medical group remained anonymous at

the time the motion to remand was filed); but see *Caywood v. Anonymous Hosp.*, 856 F.Supp.2d 1001, 1002 (motion to remand granted where the plaintiff attached a number of exhibits to her motion that clearly identified the Hospital and its citizenship). Because the unnamed healthcare provider physicians in this case have not yet been identified, the Court finds no reason to presume that removal was improper. Therefore, the Court declines to rule on the jurisdictional questions presented at this time[1] and chooses instead, in its discretion, to stay this case pending the transfer ruling by the JPML.

Judicial economy weighs in favor of a stay. There are currently 476 cases pending in the MDL, and a decision on whether this case will also be transferred is expected shortly. Should this case be transferred, judicial resources will be saved by avoiding duplicative litigation of common issues. Furthermore, inconsistent rulings on common issues, including those related to removal and remand, may be prevented by staying this matter. Finally, the potential prejudice to Defendants if they are required to re-argue the same issues before various courts is greater than the potential prejudice Plaintiffs may face as a result of a slight delay because of the issuance of a stay. Therefore, on balance,

---

[1] The Court notes that this preliminary jurisdictional assessment is not a final determination of the matter. Should the transfer be granted, the MDL court will rule upon this issue; if the transfer is denied, this Court will address the issue in depth upon the lifting of the stay.

the Court finds that a stay is appropriate, and Defendants' Motion to Stay is **GRANTED**. However, for purposes of clarity of the docket and record moving forward, the Court hereby **GRANTS** the Motion to Withdraw Appearances and Motion for Extension of Time prior to the actual commencement of the stay.

CONCLUSION

For the reasons set forth above, the Motion to Stay (DE #6) is **GRANTED**, the Motion to Withdraw Appearances (DE #20) is **GRANTED**, and the Motion for Extension of Time (DE #21) is **GRANTED** *nunc pro tunc*. Defendants' answers shall be due twenty (20) days after the stay is lifted, or, should the case be transferred to *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, MDL No. 2545, according to the schedule issued by the MDL court.

**DATED: December 17, 2014**          /s/RUDY LOZANO, Judge
                                      **United State District Court**